**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| MAURICE JENKINS, | : | MOTION TO VACATE |
| Movant, | : | 28 U.S.C. § 2255 |
| | : | |
| v. | : | CRIMINAL NO. |
| | : | 1:08-CR-209-CC-JSA-1 |
| UNITED STATES OF | : | |
| AMERICA, | : | CIVIL ACTION NO. |
| Respondent. | : | 1:13-CV-3592-CC-JSA |

**MAGISTRATE JUDGE'S FINAL REPORT AND RECOMMENDATION**

Movant Maurice Jenkins has filed the instant motion to vacate pursuant to

28 U.S.C. § 2255.  Movant seeks to challenge the constitutionality of his sentences,

which were imposed on May 6, 2009, following a guilty plea entered in the

Northern District of Georgia.[1]

---

[1] Prior to serving as a U.S. Magistrate Judge, the undersigned served as an
Assistant U.S. Attorney ("USAO") in the same office that prosecuted Movant,
from approximately 2004 through June 1, 2012.  The undersigned served as deputy
chief of the economic crime section of the USAO for some of that period.  The
undersigned recalls no personal or supervisory involvement over defendant's case.

Although no request for recusal has been made, the undersigned will briefly
explain why he has not recused *sua sponte*.  Title 18 U.S.C. § 455(b)(3) requires
a judge who previously served in government to recuse only if the judge actually
participated in the case.  *Mangum v. Hargett*, 67 F.3d 80, 83 (5th Cir. 1995).  In
other words, "a judge is not subject to mandatory disqualification based on the
mere fact that another lawyer in his prior government office served as an attorney
on the matter."  *United States v. Champlin*,  388 F. Supp. 2d 1177, 1180 (D. Haw.
2005). Several courts have held that "an Assistant United States Attorney is only
disqualified from cases on which he or she actually participated."  *Id.* (citing

I.      Procedural History

On January 27, 2009, Movant entered into a guilty plea in the Northern District of Georgia to one count of Hobbs Act robbery in violation of 18 U.S.C. § 1951, one count of brandishing and discharging a firearm during a crime of violence in violation of 18 U.S.C. § 924(c), and two counts of possession of firearms by a convicted felon in violation of 18 U.S.C. § 922(g)(1).  (Docs. 54-55). The plea agreement contains a waiver of Movant's appellate and collateral rights ("appellate waiver").  (Doc. 55 at 11).  On May 5, 2009, the Government filed a motion for a two-level downward departure under U.S.S.G. § 5K1.1 for Movant's substantial assistance in prosecuting his co-defendant.  (Doc. 80).  On May 6, 2009, Movant was sentenced to a total of 241 months of imprisonment.  (Doc. 84 at 23).  Following Movant's testimony at his co-defendant's trial, on December 1,

---

*United States v. Ruzzano*, 247 F.3d 688, 695 (7th Cir. 2001) ("As applied to judges who were formerly AUSAs, § 455(b)(3) requires some level of actual participation in a case to trigger disqualification."); *Mangum*, 67 F.3d at 83 (same); *Kendrick v. Carlson*, 995 F.2d 1440, 1444 (8th Cir. 1993) (same).  "[T]he same rule applies to former supervisors in the United States Attorney's office; § 455(b)(3) requires recusal only when the supervisor actually participated in a case." *Champlin*, 388 F. Supp. 2d at 1181; *United States v. Scholl*, 166 F.3d 964, 977 (9th Cir. 1999); *United States v. Di Pasquale*, 864 F.2d 271, 279 (3d Cir. 1988).  As the undersigned was uninvolved in this case and otherwise perceives no ground for recusal, the Court does not *sua sponte* find that recusal is warranted.

AO 72A
(Rev.8/82)

2009, the Government filed a motion for further reduction of Movant's sentence pursuant to Fed. R. Crim. P. 35, which the Court granted and reduced Movant's sentence to 217 months of imprisonment.  (Docs. 104, 106).  Movant did not appeal his convictions or sentences.

Movant filed the instant *pro se* § 2255 motion on October 29, 2013.  (Doc. 144).    In the motion, Movant raises one ground for relief: that he is actually innocent of the sentence imposed, as the Court was misled at sentencing and sentenced Movant outside of the statutory maximum. (Doc. 144).  Respondent argues that the § 2255 motion is untimely and that the valid and enforceable appellate waiver bars this action.  The Court agrees.

II.    Standard of Review

Congress enacted § 2255, authorizing convicted criminal defendants to file a motion to correct sentences that violate federal law, with the intention that the statute serve as the primary method of collateral attack on federally-imposed sentences. *United States v. Jordan*, 915 F.2d 622, 625 (11th Cir. 1990). Pursuant to § 2255, individuals sentenced by a federal court can attack the sentence imposed by claiming one of four different grounds: "(1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was

without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law; and (4) that the sentence is otherwise subject to collateral attack." *Hill v. United States*, 368 U.S. 424, 426-27 (1962) (internal quotation marks and citations omitted); *see generally United States v. Hayman*, 342 U.S. 205 (1952).

"To obtain collateral relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal." *United States v. Frady*, 456 U.S. 152, 166 (1982). Movant must establish that the facts surrounding his claim present "exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent." *Bowen v. Johnston*, 306 U.S. 19, 27 (1939).

This Court may deny § 2255 relief without an evidentiary hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255; *see Long v. United States*, 883 F.2d 966, 968 (11th Cir. 1989). As discussed below, Movant's § 2255 motion and the record in this case conclusively show that he is not entitled to relief in connection with his claims. Thus, no evidentiary hearing is required.

4

III.   Analysis

A.   The Motion to Vacate is Untimely.

Under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), federal prisoners must file a 28 U.S.C. § 2255 motion to vacate within one year of the latest of four specified events:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

In this case, the event governing the one-year limitation period is the date Movant's convictions and sentences became final.  Movant was convicted and sentenced on May 6, 2009, and he had ten days from that date to file an appeal.

5

*See* Fed. R. App. P. 4(b)(1)(A).[2] Having not filed an appeal, Movant's convictions

became final on May 18, 2009,[3] and Movant therefore had until May 18, 2010, to

file a § 2255 motion.  The instant motion, filed over three and a half years later on

October 29, 2013, is therefore untimely.

        B.      <u>Movant Has Not Demonstrated He Is Entitled To Statutory Tolling</u>.

Movant, however, appears to argue that the limitation period under

§ 2255(f)(3) applies to his motion and therefore would begin on the date "on which

the right asserted was initially recognized by the Supreme Court, if that right has

been newly recognized by the Supreme Court and made retroactively applicable

to cases on collateral review."  28 U.S.C. § 2255(f)(3); (*See* Doc. 144 at 15).

Movant cites to four different Supreme Court cases in support of his argument:

*Alleyne v. United States*, __ U.S. __, 133 S. Ct. 2151 (2013); *McQuiggin v.*

*Perkins*, __ U.S. __, 133 S. Ct. 1924 (2013); *Descamps v. United States*, __ U.S.

---

[2] Rule 4(b)(1)(A) of the Federal Rules of Appellate Procedure was amended in 2009 and extended the time period for filing a notice of appeal from ten to fourteen days. *See* Fed. R. App. P. 4, Advisory Committee Notes.  The amendment became effective on December 1, 2009, and therefore does not apply to Movant.

[3] Because May 16, 2009, fell on a Saturday, Movant had until the next business day, or until Monday, May 18, 2009, to file an appeal.  Fed.R.App.P. 26(a)(1)(C).

AO 72A
(Rev.8/82)

__, 133 S. Ct. 2276 (2013); and *Peugh v. United States*, __ U.S. __, 133 S. Ct. 2072 (2013).[4]   The Supreme Court, however, has not declared any of those cases to be retroactively applicable on collateral review, and the undersigned has found no cases applying them as such.   *See, e.g., Chester v. Warden*, __ F. App'x __, 2014 WL 104150, at *4 (11th Cir. Jan. 13, 2014) ("*Alleyne*'s rule does not apply retroactively on collateral review."); *United States v. Harris*, 741 F.3d 1245, 1250 n.3 (11th Cir. 2014) ("*Alleyne* was decided in the context of a direct appeal, and the Supreme Court itself has not expressly declared *Alleyne* to be retroactive on collateral review. . . ."); *Hawkins v. United States*, 724 F.3d 915, 917 (7th Cir. 2013) (holding *Peugh* does not apply retroactively on collateral review); *Griffin v. Longley*, 548 F. App'x 146, 147 (5th Cir. 2013) (stating that *McQuiggan* and

---

[4] In *Alleyne*, the Supreme Court held that any fact that increases the mandatory minimum sentence for a crime is considered an element of the crime and not a sentencing factor that must be submitted to the jury.  *Alleyne*, 133 S. Ct. at 2158.  The Supreme Court in *McQuiggan* held that actual innocence, if proved, serves as a gateway through which a petitioner may pass if the one-year limitation period has expired.  *McQuiggan*, 133 S. Ct. at 1931.  *Descamps* discussed the proper approach for a sentencing court to determine whether a prior conviction qualifies as a predicate offense under the 18 U.S.C. § 924(e) of the Armed Career Criminal Act ("ACCA").  *Descamps*, 133 S. Ct. at 2281.  In *Peugh*, the Supreme Court held that "there is an *ex post facto* violation when a defendant is sentenced under Guidelines promulgated after he committed his criminal acts and the new version provides a higher applicable Guidelines sentencing range than the version in place at the time of the offense."  *Peugh*, 133 S. Ct. at 2078.

AO 72A
(Rev.8/82)

*Alleyne* "do not support a holding that [the movant's] claim is based on a retroactively available Supreme Court opinion . . ."); *Roscoe v. United States*, Nos. 2:11-CR-37-JHH-RRA, 2:13-CV-8006-JHH, 2013 WL 5636686, at \*11 (N.D. Ala. Oct. 16, 2013) ("The Supreme Court has unequivocally stated that 'a new rule is not made retroactive to cases on collateral review unless the Supreme Court holds it to be retroactive.'  The Supreme Court has not declared its decision in *Descamps* to be retroactively available on collateral review, nor has the court found any cases applying *Descamps* retroactively to cases on collateral review.  Therefore, the court refuses to do so here.") (quoting *Tyler v. Cain*, 533 U.s. 656, 663 (2001)); *Reed v. United States*, Nos. 8:13-cv-2401-T-24-TGW, 8:03-cr-105-T-24-TGW, 8:07-cv-1379-T-24-TGW, 2013 WL 5567703, at \*3 (M.D. Fla. Oct. 9, 2013) (refusing to reply relief under *Descamps* and/or *Alleyne* because the Supreme Court did not declare that those decisions apply retroactively).  Thus, 28 U.S.C. § 2255(f)(3) is inapplicable, and this motion is untimely.

8

C.      Movant Has Not Proven Actual Innocence.

Movant states that "yes he is guilty of the crime yet he is actually innocent of the illegal sentence[.] . . ."  (Doc. 150 at 2-3).  To the degree that Movant contends that he is "actually innocent" of his sentence, however, his argument is misplaced since the crimes for which he was convicted, not any sentencing enhancements, are the focus of the actual innocence inquiry.  *See Gilbert v. United States*, 640 F.3d 1293, 1320 (11th Cir. 2013) ("A defendant who is convicted and then has . . . any other guidelines enhancement, applied in the calculation of his sentence has not been convicted of being guilty of the enhancement.").  Although on the one hand Movant admits his guilt, he then states that he is actually innocent of the felon in possession of firearms convictions because, based on the plea agreement in connection with the predicate state court felony, he "believe[s]" that his state court felony conviction should have been expunged after probation was discharged and that "he has no felonies in the state at the present time."  (Doc. 150 at 1).  To be sure, a conviction that has been expunged is not considered to be a felony "conviction" for purposes of the crime of felon in possession of a firearm.  *See* 18 U.S.C. § 922(a)(20).

AO 72A
(Rev.8/82)

If proven, a claim of actual innocence could potentially serve as a talisman for this Court to review an otherwise untimely § 2255 motion. *See McQuiggan*, 133 S. Ct. at 1931. Where, as here, Movant claims he is actually innocent based on the expungement exception, Movant has the burden to demonstrate that the expungement exception applies. *See United States v. Hines*, 435 F. App'x 832, 835 (11th Cir. 2011) ("[T]he defendant bears the burden of proffering evidence that his conviction no longer remains valid."); *United States v. Morris*, 389 F. App'x 948, 951 (11th Cir. 2010) (stating that it "was the defendant's burden" to demonstrate the expungement exception to § 922(g)); *United States v. Jackson*, 57 F.3d 1012, 1016 (11th Cir. 1995) ("[T]he defendant, not the Government, bears the burden – at least the burden of going forward with evidence – concerning the expungement exception."). Under the actual innocence exception, however, a prisoner must present *new* evidence demonstrating that he is factually innocent. *Schlup v. Deno*, 513 U.S. 298, 324 (1995); *see also McQuiggan*, 133 S. Ct. at 1936 (citing to *Schlup* and stating that the exception "applies to a severely confined category: cases in which new evidence shows 'it is more likely than not that no reasonable juror would have convicted' [the movant]."). Movant has presented no evidence, let alone new evidence, "so strong that a court cannot have confidence

10

in the outcome. . . ."  *McQuiggan*, 133 S. Ct. at 1936.  Instead, Movant relies on

his "belie[f]" that his conviction has been expunged; however, "[n]othing in the

statutory language [of § 921(a)(20)] asks what a person believes."  *United States*

*v. Burdette*, 641 F.3d 894, 896 (11th Cir. 2011).

Moreover, the record is clear that Movant still was on probation for the state

felony conviction when he possessed the firearms in question and when he entered

his plea and was sentenced in this case.  (*See* Doc. 55 at 1; Doc. 73 at 26-27; PSR

at 1 ¶¶ 4, 8).  (*See also* Movant's statement, Doc. 150 at 5, conceding that at some

point – presumably during the time he committed the federal offenses – he was, in

fact, a convicted felon:  "[f]rom state plea, petitioner Jenkins is under the

impression that he is *no longer* a convicted felon") (emphasis added).  That the

state conviction making Movant a felon at the time he illegally possessed firearms

subsequently may have been expunged does not render him actually innocent of

the federal charges.  *See Lewis v. United States*, 445 U.S. 55, 64-65 (1980)

(interpreting 18 U.S.C. § 1202(a), one of the predecessors to the current felon in

possession of a firearm statute, and stating that "Congress clearly intended that the

defendant clear his [felony] status *before* obtaining a firearm.");  *United States v.*

*DuBose*, 598 F.3d 726, 732 (11th Cir. 2010) ("The Court [in *Lewis*] thus held that

11

the federal firearms statute intended to prevent all convicted felons from possessing firearms, even if the underlying 'felony conviction ultimately might turn out to be invalid.'"); *Burrell v. United States*, 384 F.3d 22, 27-28 (2d Cir. 2004) ("[A] § 922(g)(1) conviction is 'not subject to attack on the ground that a predicate conviction is subsequently reversed, vacated, or modified.'") (citations omitted); *United States v. Lloyd*, 184 F.3d 695, 697 (7th Cir. 1999) (stating that the relevant inquiry when a state conviction underlying a federal felon in possession charge is expunged is whether the conviction had been expunged at the time he committed the § 922(g) violation); *accord United States v. Chambers*, 922 F.2d 228, 238-39 (5th Cir. 1991); and *United States v. Kahoe*, 134 F.3d 1230 (4th Cir. 1998).  *See also United States v. Nichols*, 126 F. Supp. 2d 479, 481 (W.D. Mich. 2000) (holding petitioner did not establish actual innocence of felon in possession of a firearm to excuse the time bar or procedural default of his claims because he was a felon when he possessed the firearms in question).[5]  Because Movant has not established his actual innocence, the instant § 2255 motion is untimely.

---

[5] Although the one-year limitation period in § 2244(d) is subject to equitable tolling, *Holland v. Florida*, 560 U.S. 631, 645-46 (2010), Movant does not present any extraordinary circumstances that would indicate that he seeks equitable tolling or that any such equitable tolling would apply.

12

D.     The Appellate Waiver Is Valid And Enforceable And Prohibits Movant From Raising Any Of His Claims.

Movant does not dispute that he entered into his plea knowingly and voluntarily. (*See* Doc. 150 at 8). Because Movant knowingly and voluntarily entered into the plea agreement which contained the appellate waiver, that appellate waiver is valid and enforceable. *See United States v. Wilson*, 445 F. App'x 203, 207 (11th Cir. 2011); *United States v. Ramos*, 433 F. App'x 893, 895 (11th Cir. 2011); *Williams v. United States*, 396 F.3d 1340, 1342 (11th Cir. 2005); *United States v. Bushert*, 997 F.2d 1343, 1350 (11th Cir. 1993). "[O]ne of the keys to enforcing a sentence appeal waiver is that the defendant knew he had a 'right to appeal his sentence and that he was giving up that right.'" *Bushert*, 997 F.2d at 1350 (citations omitted). In order to prevail in an argument to enforce a waiver, the Government must show that either "(1) 'the district court questioned the [movant]' about the waiver; or (2) the record makes clear 'that the [movant] otherwise understood the full significance of the waiver.'" *Wilson*, 445 F. App'x at 207 (quoting *Bushert*, 997 F.2d at 1351); *Ramos*, 433 F. App'x at 895-96; *United States v. Johnson*, 541 F.3d 1064, 1066 (11th Cir. 2008). In this case, the Government has demonstrated both.

13

The appellate waiver contained in the Plea Agreement provides as follows:

### Limited Waiver of Appeal

LIMITED WAIVER OF APPEAL:   To the maximum extent permitted by federal law, the Defendant voluntarily and expressly waives the right to appeal his conviction and sentence and the right to collaterally attack his conviction and sentence in any post-conviction proceeding (including, but not limited to, motions filed pursuant to 28 U.S.C. § 2255) on any ground, except that the Defendant may file a direct appeal of an upward departure or upward variance from the otherwise applicable sentencing guideline range, and may file a direct appeal of a sentence above the low end of the applicable sentencing guideline range, prior to a 5K or Rule 35 reduction, if any.   The Defendant understands that this Plea Agreement does not limit the Government's right to appeal, but if the Government initiates a direct appeal of the sentence imposed, the Defendant may file a cross-appeal of that same sentence.

(Doc. 55 at 11).

The Court specifically questioned Movant about the appellate waiver, asking him if he understood that he was giving up his right to appeal and to file collateral relief, and Movant stated that he understood.  (Doc. 73 at 19-20).  It is therefore clear from the record that Movant understood the significance of the appellate waiver, and he has not produced any evidence to challenge the veracity of his sworn testimony.   Consequently, Movant's appellate waiver is valid and enforceable. *See United States v. Steele*, 168 F. App'x 897, 900 (11th Cir. 2006)

14

(finding appellate waiver valid where the court specifically questioned the movant about the waiver provision); *United States v. Montes*, 151 F. App'x 846, 853 (11th Cir. 2005) (finding appellate waiver valid where judge reviewed the waiver with the movant and he agreed that he was freely and voluntarily waiving his right to appeal his sentence); *United States v. Bushert*, 997 F2d 1343, 1350-51 (11th Cir. 1993) ("One of the keys to enforcing a sentence appeal waiver is that the defendant knew he had a 'right to appeal his sentence and that he was giving up that right.'") (citations omitted); *Williams v. United States*, 396 F.3d 1340, 1342 (11th Cir. 2005) (finding appellate waiver enforceable where the court expressly questioned movant about the specifics of the waiver and determined that he had entered into the written plea agreement, which included the waiver, freely and voluntarily, and where "[t]he plain language of the agreement informed [Movant] that he was waiving a collateral attack on his sentence."). *See also United States v. Johnson*, 541 F.3d 1064, 1066 (11th Cir. 2008) (stating that a waiver is valid if the Government shows that either: "(1) the district court specifically questioned the [movant] about the waiver; or (2) the record makes clear that the [movant] otherwise understood the full significance of the waiver."). Because Movant's

15

claim does not involve any of the exceptions contained in the waiver, Movant is barred from raising it.[6]

## IV.   Conclusion

Based on the foregoing reasons, **IT IS HEREBY RECOMMENDED** that Movant Maurice Jenkins's motion to vacate sentence [Doc. 144] be **DENIED**.

## V.   Certificate of Appealability

Pursuant to Rule 11 of the Rules Governing § 2255 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."   28 U.S.C. § 2253(c)(2) provides that a certificate of appealability ("COA") may issue "only if the applicant has made a substantial showing of the

---

[6] The undersigned also notes that even if this § 2255 motion was not untimely or barred by the appellate waiver, Movant was not sentenced above the statutory maximum for any of his convictions, as prior to the additional reduction for substantial assistance Movant was sentenced to: (1) 121 months for Hobbs Act robbery (maximum sentence of twenty years, or 240 months, *see* 18 U.S.C. § 1951(a)); (2) 120 concurrent months for each count of felon in possession of firearms (maximum sentence of ten years or 120 months, *see* 18 U.S.C. § 924(a)); and (3) 120 consecutive months for brandishing and discharging a firearm during a crime of violence (maximum penalty of life imprisonment, *see United States v. Oliver*, 522 F. App'x 525, 529 (11th Cir. 2013)).

16

denial of a constitutional right." In order for the certification requirement to fulfill its function of weeding out frivolous appeals, a court should not automatically issue a COA; rather, the applicant must prove "something more than the absence of frivolity" or "the existence of mere 'good faith' on his or her part." *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003) (citations omitted).

Movant need not prove, however, that some jurists would grant the § 2255 motion. *See id.* "The question is the debatability of the underlying constitutional claim, not the resolution of that debate." *See Lamarca v. Secretary, Dep't of Corr.*, 568 F.3d 929, 934 (11th Cir. 2009) (citing *Miller-El*, 537 U.S. at 325). In other words, Movant need only demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Based on the foregoing discussion, reasonable jurists would not find "debatable or wrong" the undersigned's determination that Movant's claims are time-barred and barred by the enforceable appellate waiver. *See Slack*, 529 U.S. at 484.

Accordingly, **IT IS FURTHER RECOMMENDED** that a COA be **DENIED**.

17

The Clerk is **DIRECTED** to terminate the reference to the undersigned

Magistrate Judge.

**IT IS SO RECOMMENDED** this 20th day of May, 2014.

JUSTIN S. ANAND
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)