**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| MAURICE JENKINS, | : | MOTION TO VACATE |
|    Movant, | : | 28 U.S.C. § 2255 |
| | : | |
| v. | : | CRIMINAL NO. |
| | : | 1:08-CR-209-CC-JSA-1 |
| UNITED STATES OF | : | |
| AMERICA, | : | CIVIL ACTION NO. |
|    Respondent. | : | 1:13-CV-3592-CC-JSA |

**O R D E R**

The instant § 2255 motion to vacate is before the Court on the Magistrate Judge's Report and Recommendation ("R&R") recommending that the action be denied [Doc. No. 153], and Movant's objections thereto [Doc. No. 156]. The Court reviews *de novo* the portions of the R&R to which Petitioner has objected and reviews for plain error the remaining portions. *See* 28 U.S.C. § 636(b)(1); Fed. Civ. P. 72(b)(3); *United States v. Slay*, 714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam).

I.   Discussion

On January 27, 2009, Movant entered a guilty plea in this Court to one count of Hobbs Act robbery in violation of 18 U.S.C. § 1951, one count of brandishing and discharging a firearm during a crime of violence in violation of 18 U.S.C. §

924(c), and two counts of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). (Doc. Nos. 54-55.) The plea agreement contains a waiver of Movant's appellate and collateral rights ("appellate waiver"), by which Movant voluntarily and expressly waived his right to file, *inter alia*, a § 2255 motion, unless the Court entered a sentence that constituted an upward departure or variance from the applicable sentencing guideline range, or if the sentence was above the low end of the applicable sentencing range prior to a 5K or Rule 35 reduction. (Doc. No. 55 at 11.) Movant filed this § 2255 motion on October 29, 2013, raising the sole issue that he is actually innocent of the sentence imposed because the Court was misled at sentencing and sentenced Movant outside of the statutory maximum.

The Magistrate Judge entered a R&R on May 20, 2014, and recommended that the § 2255 motion be denied as untimely and barred by the appellate waiver. (Doc. No. 153.) Movant has filed objections to the R&R. (Doc. No. 156.)

Movant does not object to the Magistrate Judge's findings that the motion is untimely and barred by the appellate waiver; rather, he objects to the Magistrate Judge's footnote that – even if the § 2255 motion was not untimely or barred by the waiver – Movant's sentence was not above the statutory maximum. (Doc. No.

2

156 at 1-3; Doc. No. 153 at 16 n.6.) The Court finds Movant's objection baseless. As correctly stated by the Magistrate Judge, before the additional reductions for Movant's substantial assistance, he was sentenced to: (1) 121 months for Hobbs Act robbery, for which the statutory maximum is 240 months (*see* 18 U.S.C. § 1951(a)); (2) 120 concurrent months for each count of felon in possession of firearms, for which the statutory maximum is 120 months (*see* 18 U.S.C. § 924(a)); and (3) 120 consecutive months for brandishing and discharging a firearm during a crime of violence, for which the maximum penalty is life imprisonment (*see United States v. Oliver*, 522 F. App'x 525, 529 (11th Cir. 2013)). Thus, Movant's objection has no merit. Having reviewed the remainder of the R&R and finding no plain error, the Court agrees with the Magistrate Judge's findings that the instant § 2255 motion is untimely and barred by the appellate waiver.

II.   Conclusion

For the reasons set forth above, the Court **OVERRULES** Petitioner's objections [Doc. No. 156], **ADOPTS** the Magistrate Judge's Final Report and Recommendation [Doc. No. 153], **DENIES** the instant § 2255 motion to vacate [Doc. No. 144], and **DISMISSES** the action in this Court.

3

**IT IS FURTHER ORDERED** that a Certificate of Appealability is **DENIED**.

**IT IS SO ORDERED** this 26th day of June, 2014.

         *s/ CLARENCE COOPER*
         CLARENCE COOPER
         SENIOR UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)